United States District Court
Southern District of Texas
**ENTERED**
February 27, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **TEMUR PUKHAEV,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:25-CV-240 |
| | § | |
| **MIGUEL VERGARA, ET AL.,** | § | |
| | § | |
| Respondents. | § | |

## ORDER

Before the Court is Petitioner's Motion to Reconsider, (Dkt. No. 22). On February 10, 2026, the Court granted Respondents' motion for summary judgment and denied without prejudice Petitioner's habeas petition. (Dkt. No. 19). Final judgment was entered the next day. (Dkt. No. 20). Petitioner filed a motion for reconsideration of the Court's Order under Federal Rule of Civil Procedure 59(e), (Dkt. No. 22). The motion is denied for the reasons that follow.

Rule 59(e) motions "serve the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citations omitted). Rule 59(e) cannot be used to introduce evidence that was available prior to the entry of judgment, nor should it be employed to relitigate old issues, advance new theories or arguments that could have been raised before the entry of judgment, or secure a rehearing on the merits. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citation omitted). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* at 479.

Petitioner contends that despite the Court's finding that he is being held pursuant to 8 U.S.C. § 1225(b)(1), the Court did not address his procedural due process claim. He contends that his Petition "raised a separate and independent constitutional claim that where the Government has exercised its discretionary authority to parole a noncitizen

into the United States and has permitted that individual to remain physically present in the interior of the country for a substantial period while removal proceedings are pending, the individual acquires a constitutionally protected liberty interest in remaining free from physical restraint absent constitutionally adequate procedural protections." (Dkt. No. 22 at 3).

A review of the pleadings indicates that Petitioner did not raise a procedural due process claim regarding his continued detention (as opposed to a substantive due process claim regarding the decision to re-detain him because his parole had expired) (*See* Dkt. No. 1 at 16–17). The petition asserts three claims for relief: "Violation of the Due Process Clause of the Fifth Amendment of the United States Constitution (Substantive Due Process); 5 U.S.C. §§ 702, 706"; "Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2) The Re-Detention Policy Violates the INA"; and "Violation Of The Administrative Procedure Act, 5 U.S.C. § 706(2)(a) The Petitioner's Re-detention Is Arbitrary And Capricious." (Dkt. No. 1 at 16–18). The Court's Order addressed each claim, finding that Petitioner is subject to mandatory detention and that the agency's decision to deny renewal or extension of humanitarian parole is unreviewable.

The basis for Petitioner's motion for reconsideration lies beyond these claims. In effect, Petitioner is advancing a new claim that was not before the Court when it issued its ruling. Petitioner does not show a manifest error of law or fact to support his motion under Rule 59(e), and nothing in his motion for reconsideration alters the Court's conclusion that his habeas petition should be denied without prejudice.

For the foregoing reasons, Petitioner's Motion for Reconsideration, (Dkt. No. 22), is **DENIED**.

It is so **ORDERED**.

**SIGNED** on February 27, 2026.

$_____$
John A. Kazen
United States District Judge